IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02473-WYD-BNB

WILLIAM WILSON,

Plaintiff,

v.

DAVID GAOUETTE, United States Attorney, in his official capacity,
KENNETH HARMON, Assistant United States Attorney, in his official capacity,
MICHELE KELLEY, Special Assistant United States Attorney, in her official capacity,
UNITED STATES POSTAL INSPECTION SERVICE, Denver Division
WILLIAM GILLIAN, Chief Postal Inspector, in his official capacity,
ANDREW JONES, Postal Inspector, in his official capacity, and
KENNETH HAITHCOAT, Postal Inspector, in his official capacity,

Defendants.

_____

**ORDER**
_____

This matter arises on the defendants' **Motion to Stay Discovery and to Vacate Scheduling Conference** [Doc. # 19, filed 2/25/2010] (the "Motion to Stay"), which is GRANTED.

The plaintiff is proceeding *pro se*, and I have liberally construed his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

This action was commenced by the filing of the Complaint for Temporary Restraining Order [Doc. # 1, filed 10/21/2009] (the "Complaint"). The Complaint frames the issue presented as follows:

> Based on defendants' ongoing tainted conducts, whether this plaintiff is entitled to preliminary injunctive relief prohibiting defendants from being involved <u>in any future</u> investigation or any <u>future</u> prosecution of this plaintiff.

Complaint [Doc. # 1] at p. 2.

In general, the plaintiff alleges that he is a United States citizen of Egyptian descent, <u>id</u>. at ¶1, and that he is the target of "a racially motivated investigations and prosecutions that have lasted for over eight (8) years and into the present time." Plaintiff's Response In Opposition to Defendants' Motion to Stay [Doc. # 21, filed 3/1/2010] (the "Response") at ¶1. The Complaint seeks the following relief:

> a. Appropriate equitable relief including but not limited to prospective, injunction relief, declaratory and other injunctive remedies;
>
> b. Issue an injunction pursuant to 42 U.S.C. § 1983, prohibiting Defendants from any present or future investigation or prosecution of Wilson;
>
> c. Declares that Defendants' past investigations and prosecutions of Wilson were in violation of the United States Constitution;
>
> d. Issue a temporary restraining order preventing Defendants from any present or future investigative or prosecutorial activities until such time that the Court set to review this matter[;]
>
> e. A declaration that Defendants' action violated the Constitution;
>
> f. A declaration that Defendants' actions, practice, customs, and policies, regarding the arrest and prosecution of Wilson, alleged herein were unjustified, illegal and violated the constitutional and legal rights of Wilson;
>
> g. Any further relief this court deems just and proper, and any other relief as allowed by law.

Complaint [Doc. # 1] at pp. 35-36.

Initially the defendants answered the Complaint. Answer [Doc. # 14, filed 12/21/2009]. Then they filed a Motion to Dismiss and Motion for Judgment on the Pleadings [Doc. # 16, filed 2/23/2010] (the "Motion to Dismiss"). Then they filed the instant Motion to Stay [Doc. # 19, filed 2/25/2010]. The Motion to Stay requests that I vacate the scheduling conference set for March 16, 2010, and that I stay discovery pending a decision on the Motion to Dismiss.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to make any order necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil action; and (5) the public interest.

FDIC v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident LLC v. Stylus Shows, Inc., 2006 WL894955 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that a stay of discovery in this case is warranted.

The thrust of the Complaint is to obtain injunctive relief "prohibiting Defendants from any present or future investigation or prosecution of Wilson." Complaint [Doc. # 1] at p. 35. Issues addressing prosecutorial misconduct or otherwise addressed to matters relating to a criminal prosecution can be expeditiously raised in the criminal case. Thus, I find that a stay of

3

this case while the Motion to Dismiss is decided will not prejudice the plaintiff or result in improper delay.

The defendants will be burdened in this action and in connection with pursuing their official duties in the pending criminal prosecution if this action proceeds prior to a decision on the Motion to Dismiss.

Allowing a determination of the Motion to Dismiss may save judicial resources in the event the Motion to Dismiss is granted.[1]

The public interest is served by not burdening law enforcement agents with defending a civil action intended to impact existing or future criminal investigations.

IT IS ORDERED that the Motion to Stay [Doc. # 19] is GRANTED. Discovery is STAYED pending a ruling on the Motion to Dismiss.

IT IS FURTHER ORDERED that the scheduling conference set for March 16, 2010, at 8:30 a.m., is VACATED, to be reset after a ruling on the Motion to Dismiss.

Dated March 9, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] I have reviewed the Motion to Dismiss. Without attempting to prejudge any ruling on that motion, I find that it raises important issues which should be decided before discovery occurs.